UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

|  |  |
|---|---|
| LUIS FLORES, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUTTON ASSOCIATES, LLC<br><br>Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant SUTTON ASSOCIATES, LLC (hereinafter, "Sutton"), alleges as follows:

## I.     PRELIMINARY STATEMENT

1. Plaintiff Luis Flores ("Flores") a New York State resident over the age of 18 years, brings this action against Defendant Sutton Associates, LLC ("Sutton") a consumer reporting agency. This action alleges that Sutton violated both the Federal and New York Fair Credit Reporting Acts, and the New York Consumer Protection Act, by illegally and improperly collecting and reporting certain non-criminal conviction information about Flores in the context of an employment-related consumer report it prepared for Stanan Management Corporation ("Stanan") located at 33 Front Street Hempstead, NY 11550. This action further alleges that as a direct result of receiving the Sutton deceptive and misleading consumer report, Stanan refused to hire Flores for the job for which he had applied for based on its false perception that he had a criminal record. Stanan thus violated Flores' rights under the federal and New York Fair Credit Reporting Acts and the New

York Human Rights Law. Flores seeks injunctive relief, actual, statutory and punitive damages, and an award of attorneys' fees and costs.

2. Plaintiff brings this action on all causes of action on behalf of himself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II.    JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 15 USC § 1681(p) and 28 U.S.C. § 1331 because Flores brings claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., a federal law. This Court also has jurisdiction pursuant to 15 U.S.C. § 1332, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. In addition, this Court has supplemental jurisdiction over Flores' state law claims pursuant to 28 U.S.C. § 1367(a).

4. This Court has authority pursuant to 15 U.S.C. § 1681(p), and pursuant to N.Y. Gen. Bus. Law § 349 and N.Y. Exec. Law § 297(9), to grant the monetary, injunctive and other relief Flores seeks in this action.

5. The Plaintiff is a natural person and resident of Suffolk County, New York.

6. Venue is proper in this Court, and in this District, pursuant to 28 U.S.C. § 1391(b) and 1391(c) because Defendant is licensed to do business in this State, and because a substantial portion of the actions complained of occurred or had an effect in this State.

## III.    ALLEGATIONS AS TO PARTIES

7. Plaintiff Luis Flores is an adult individual residing in Suffolk County, State of New York.

8. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681(c) of the FCRA.

9. Upon information and belief, SUTTON ASSOCIATES, LLC ("Sutton") is a limited liability company formed under the laws of the State of New York and authorized to do business in the State of New York through its corporate offices at 110 Stewart Avenue, Hicksville, NY 11801.

10. Upon information and belief, Sutton is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Sutton is regularly engaged in the business of assembling, evaluating, and disbursing public record information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

11. Upon information and belief, Sutton disburses such consumer reports to third parties under contract for monetary compensation.

## IV.    APPLICABLE LAWS

12. The New York Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law §380-a et seq., governs the content, issuance and use of consumer reports prepared for a variety of purposes, including employment purposes.

13. The NY FCRA establishes certain requirements for "persons," including corporations, who prepare or use "consumer reports," which are defined in pertinent part as any communication by a consumer reporting agency of information that bears on an individual consumer's credit worthiness, "character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or part for the

purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes . . ." N.Y. Gen. Bus. Law §§ 380-a(a) and 380-a(c)(1).

14. The NY FCRA defines "consumer reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports . . . to third parties." N.Y. Bus. Law § 380-a(e).

15. The Defendant is a legal person and constitutes a consumer reporting agency, subject to the requirements of the NY FCRA.

16. The NY FCRA defines a "user" of consumer reports as "any person receiving or requesting a consumer report . . . other than the subject thereof."

17. SUTTON is a person and a user of consumer reports, subject to the requirements of the NY FCRA.

18. The NY FCRA prohibits any consumer reporting agency, including Sutton, from maintaining in its files or reporting any information "relative to an arrest or a criminal charge, unless there has been a criminal conviction for such offense, or unless such charges are still pending." N.Y. Gen. Bus. Law § 380-j(a)(1).

19. The NY FCRA also mandates that "no consumer reporting agency shall report or maintain in the file on a consumer, information . . . which it has reason to know is inaccurate." N.Y. Gen. Bus. Law §380-j(a)(3).

20. The NY FCRA further mandates that "consumer reporting agencies shall maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates." N.Y. Gen. Bus. Law § 380-j(e).

21. The NY FCRA requires that consumer reporting agencies which "compile and report" information from public records "shall notify a consumer of the fact that public record information is being reported by the consumer reporting agency" or "maintain reasonable procedures designed to insure that whenever public record information is being reported it is complete and up to date to the extent practicable." N.Y. Gen. Bus. Law §§ 380-g(a) and (b).

22. New York law defines only a misdemeanor or a felony as a "crime." N.Y. Penal Law § 10(6).

23. New York Criminal Procedure Law § 160.55 provides for the sealing of noncriminal offenses.

24. The Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., governs the content, issuance and use of consumer reports prepared for a variety of purposes, including employment purposes.

25. The FCRA's defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

26. The FCRA defines "consumer report," in pertinent part, as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes . . . ." 15 U.S.C. §1681a(d).

27. The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . . ." 15 U.S.C. § 1681a (f).

28. The Defendant is a legal person and constitutes a consumer reporting agency subject to the requirements of the FCRA.

29. Sutton is a person and a user of consumer reports for employment purposes, and is subject to the requirements of the FCRA.

30. The FCRA mandates that consumer reporting agencies which furnish consumer reports for employment purposes follow reasonable procedures to assure maximum possible accuracy of the information contained therein. 15 U.S.C. § 1681e.

31. The FCRA further requires that a consumer reporting agency provide the affected consumer with notice that it is reporting public record information that is likely to have an adverse effect upon his ability to obtain employment, and the address of the person to receive the report or, in the alternative, that it use strict procedures to ensure that the public record information it reports is complete and up to date. 15 U.S.C. §1681k (a)(1) and 1681k(a)(2).

32. The FCRA also requires that an employer provide the consumer with a copy of the consumer report at issue prior to denying the consumer employment based in whole or in part on said report. 15 U.S.C. § 1681b (b)(3).

33. The New York Consumer Protection Act (the "CPA"), N.Y. Gen. Bus. Law §349, was enacted to protect consumers from deceptive acts and practices, and declares that

"deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in [New York] state" are illegal. N.Y. Gen. Bus. Law §349(a).

34. The CPA permits "any person who has been injured by reason of any violation [of the CPA]" to bring an action to enjoin the act or practice at issue, and to recover damages and attorneys' fees. N.Y. Gen. Bus. Law § 349(h).

35. The New York Human Rights Law (the "HRL"), N.Y. Exec. Law § 290 et seq., declares certain discriminatory practices to be illegal. It provides, in part, that "[i]t shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association . . . to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of "good moral character" which is based upon his or her having been convicted of one or more criminal offenses . . . ." N.Y. Exec. Law § 296(15).

## V.    PRACTICES OF THE DEFENDANT

36. At all times pertinent hereto, Defendant was a consumer reporting agency ("CRA") as defined by section 1681(f) of the FCRA.

37. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

38. Defendant investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individual consumers.

39. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, of various employment applicants.

According to Defendant's website, Defendant represents that its reports and services: "Maximize your human resources investment and limit your liability with thorough employment screening…. Reap the rewards of a professional, productive work force – and savings from lower employee turnover. We provide a detailed analysis of each investigation so employers can make informed, legally defensible hiring decisions." See http://www.suttonassociates.com/services/employment-screening

40. When a CRA furnishes a consumer report for employment screening purposes and reports items of information on consumers which are matters of public record and are likely to have an adverse effects upon a consumer's ability to obtain employment, the CRA is required to maintain reasonable procedures designed to assure that whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that information is accurate, complete and up-to-date, 15 U.S.C. § 1681e(b); see also 15 U.S.C. § 1681c.

41. The FCRA also provides that consumers, whether they are the victims of inaccurate information on their reports or not, have the right to request and obtain free of charge once every 12 months a complete copy of all information in their file with a CRA such as Defendant, 15 U.S.C. § 1681g(a)(1).

42. Defendant intentionally takes steps to lead consumers into believing that they cannot obtain a copy of their consumer report. For example, Defendant's website provides no address or toll-free telephone number that consumers may use to request their Sutton report or to dispute any inaccuracies on their Sutton report. Defendant's website only offers a generic email address to "contact us".

43. When consumers such as Plaintiff contact Sutton directly, usually after adverse action is taken against them by an employer, in order to find out where and how Defendant obtained inaccurate information about them and to request a copy of their file, or for any other reason, Defendant refuses, as a matter of policy and practice, to provide consumers with a complete and proper copy of their Sutton file as required by the FCRA at 15 U.S.C. § 1681g(a)(1).

44. Moreover, and in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission, thus further limiting a consumer's ability to correct any error reported by Defendant against him or her.

45. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate telephone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency.

46. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers a statement that the consumer may have additional rights under state law, and that the consumer may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights.

47. Further in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, Defendant intentionally, recklessly and as a matter of course fails to provide to consumers

a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

48. By depriving consumers of these statutorily-mandated rights, Defendant seeks to save printing costs associated with making the FCRA-mandated disclosures available to consumers, and, more importantly, the administrative and compliance costs that are associated with correcting errors on consumer reports.

49. Defendant's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer employment-applicants and interstate commerce.  When consumers such as Plaintiff, who have no criminal history, have been reported as having criminal records they are viewed as less desirable employee prospects and more likely not to be approved for employment by employers who pay Defendant for such reports.

50. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported.  Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to provide employment to the applicant.

### VI.    FACTUAL ALLEGATIONS

51. Sometime prior to calendar year 2002, unbeknownst to Plaintiff, his identity was stolen by an unknown person who happened to be a convicted felon and who amassed an extensive criminal record after stealing Plaintiff's identity.

52. During his many arrests, said unknown person would not be in possession of identification and when he was asked to identify himself to the law enforcement authorities, he would identify his name as the Plaintiff, Luis Flores.

53. In calendar year 2002, Plaintiff learned of this unknown person's activities and then set about to remove the blemishes from his name and eventually clearing his name of any wrongdoing.

54. Upon discovering that his identity was stolen, Plaintiff immediately reported it to the authorities, more specifically NYPD.

55. On or about October 23, 2002, Plaintiff went before a Judge to help clear his name. The Judge determined that Plaintiff and the criminal who stole Plaintiff's identity were two different people. The Judge came to that determination as the criminal was currently imprisoned while Plaintiff was standing before the Judge.

56. The Judge eventually cleared Plaintiff of all wrongdoing and recommended that he get his fingerprints in the law enforcement databases and obtain a Certificate of Good Conduct.

57. Plaintiff followed the Judge's instructions and got his fingerprints taken, which revealed that he had a clean record, no criminal activity or convictions.

58. Plaintiff does not have a criminal history of any kind, as evidenced by the Plaintiff's Good Conduct Certificate and evidence of No Record he received from the New York State Division of Criminal Justice Services.

59. In or around March 2017, Plaintiff applied for applied for a position with Stanan Management Corporation ("Stanan").

60. In connection with Plaintiff's application for employment, Stanan ordered a background consumer report from Defendant.

61. Defendant assembled, prepared and sold to Stanan a background check consumer report on Plaintiff sometime thereafter.

62. On or about March 10, 2017, in a telephone conversation with the Building Manager at Stanan who goes by the name of Ernest, Plaintiff was notified that Stanan was not going to hire him because Stanan was in receipt of Sutton's report which claimed that Plaintiff had a criminal record. After contesting Plaintiff's nonexistent criminal record with Stanan, Plaintiff was told to send his Good Conduct Certificate and evidence of No Record, which will then be forwarded to Sutton. This was the last that Plaintiff ever heard from Stanan.

63. Defendant failed to provide Plaintiff with a copy of its report and a description in writing of Plaintiff's rights under the Fair Credit Reporting Act. Sutton did not at any time, including any time prior to providing Stanan with its report provide Flores with any indication that they were reporting potentially adverse public record information to Stanan nor provide him with the name and address of the personnel at Stanan who would receive it.

64. Because of Sutton's and Stanan's actions and omissions as described herein Flores had no opportunity to challenge Stanan's assertions about his supposed criminal record.

65. Stanan's report was not accurate, complete or up-to-date.  The report improperly disclosed the Plaintiff having an extensive criminal record.

66. Plaintiff was denied the employment opportunity from Stanan due to Defendant's false "criminal records match."

67. Plaintiff was told to contact the Defendant. Plaintiff's spouse then got into contact with someone who is employed by Defendant by the name of Adrienne Rutuelo.

68. On or about March 8, 2017, Plaintiff, via his spouse, forwarded to Ms. Adrienne Rutuelo via electronic mail, copies of Plaintiff's Good Conduct Certificate, together with his fingerprints and evidence of No Record.

69. On or about March 10, 2017, Defendant informed Plaintiff via his spouse that, "We were advised by the Office of Court Administration that the Certificate of Good Conduct is issued to an individual after time has been served for a criminal offense. If there is any mix-up in records the best way to clarify any issue is to contact the Division of Criminal Justice Services in Albany NY and request a Fingerprint Record Review Package. This is the only way to determine if any criminal records are associated with Mr. Flores' fingerprints."

70. Should Defendant had completely and properly investigated Plaintiff's case, it would have known that The Office of Court Administration is the administrative arm of the New York State court system. Defendant also would have known that Certificates of Good Conduct are not only issued to individuals after serving time for criminal offenses, but they are also issued to innocent people.

71. Upon information and belief, Defendant failed to properly and thoroughly conduct a proper investigation.

72. To date, Defendant has failed to correct the inaccuracies and forward an accurate up-to-date report to the Plaintiff.

73. The practice of confusing the identities of individuals with the same or similar name is widespread in the credit reporting industry, but unlawful under the FCRA and Federal Trade Commission's regulations.

74. Consistent with its policies and practices, Defendant failed to provide to Plaintiff his Sutton file and the information that he is entitled to under FCRA section 1681g or to process any dispute on his behalf.

75. Sutton's report inaccurately indicated that Flores had a record of criminal convictions, and misled Stanan into concluding that he had lied on his employment application and that Flores could not challenge such finding.

76. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment who had inaccurate adverse information that was deliberately, knowingly and recklessly reported by Defendant to prospective employers.

77. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

78. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

79. Section 380-j(a)(1) of the NY FCRA, by prohibiting any consumer reporting agency from compiling, maintaining in its file, or reporting for employment purposes any information about any consumer's conviction that is not a "criminal conviction," prohibits consumer reporting agencies, including Sutton, from compiling, maintaining in their files on a consumer, or reporting any information about any consumer's conviction of a violation or other non-criminal offense.

80. Sutton knew or should have known that section 380-j(a)(1) of the NY FCRA prohibited (and prohibits) them from compiling, maintaining in their files on any consumer, or

reporting to any user for employment purposes any information about any consumer's convictions that were not "criminal convictions" within the meaning of that law, and that it was therefore unlawful for Sutton to compile, maintain or report any consumer's non-criminal conviction to users of their consumer reports, including Stanan.

81. Section 380-k of the NY FCRA required (and requires) a consumer reporting agency to "maintain reasonable procedures designed to avoid violations of [section 380-b] of the law."

82. The procedures that Sutton used for obtaining, compiling, maintaining in their files, and reporting criminal record information about consumers were likely to cause, and did cause, Sutton to maintain and report non-criminal conviction information which they were prohibited by law from maintaining or reporting to users, including Stanan, to whom Sutton furnished a consumer report for employment purposes. This information included violations sealed pursuant to New York law.

83. Sutton knew or should have known that the procedures they used in obtaining, compiling, maintaining in its files, and reporting criminal record information were not reasonably designed to be, and did not constitute the "reasonable procedures designed to avoid violation of [section 380-j]" of the NY FCRA as mandated by N.Y. Gen. Bus. Law § 380-k.

84. The FCRA prohibits consumer reporting agencies from making any consumer report prepared or used for employment purposes which "contain[s] any . . . adverse item of information" concerning a consumer's criminal record history "other than records of convictions of crimes . . ." 15 U.S.C. § 1681c(a)(5).

85. Information about convictions that are not "crimes," including convictions of noncriminal offenses such as violations that are sealed pursuant to New York law, are "adverse item[s] of information" within the meaning of 15 U.S.C. § 1681c(a)(5).

86. Public record information about non-criminal convictions is also information "likely to have an adverse effect upon a consumer's ability to obtain employment" within the meaning of 15 U.S.C. § 1681k (a).

87. Sutton knew or should have known that the FCRA prohibited them from making any consumer report prepared or used for employment purposes which "contain[s] any . . . adverse item of information" concerning a consumer's criminal record "other than records of convictions of crimes . . ." 15 U.S.C. § 1681c(a)(5).

88. Sutton knew or should have known that non-criminal conviction information about a consumer constitutes information "likely to have an adverse effect upon a consumer's ability to obtain employment" within the meaning of 15 U.S.C. § 1681k (a).

89. Sutton knew or should have known that the FCRA required (and requires) them "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever they prepared (and prepare) a consumer report and furnished (and furnish) it to a user for employment purposes.

90. Sutton  knew or should have known that the procedures they used in compiling, preparing and making consumer reports were likely to, and did, result in the Sutton's furnishing adverse items of information about individuals' non-criminal convictions which were inaccurate and misleading and were likely to, and did, have an adverse effect upon individuals' ability to obtain employment.

91. Sutton knew or should have known that the procedures they used in compiling, preparing and making consumer reports were not – as they were required to be by section 1681e of the FCRA – "reasonable procedures" designed to avoid violating FCRA's prohibition against a consumer reporting agency making any consumer report containing adverse items of information about individuals' non-criminal convictions.

92. Sutton knew or should have known that their procedures did not assure maximum possible accuracy of the information they reported, and did not take steps necessary to avoid furnishing inaccurate and misleading information to persons using their consumer reports for employment purposes.

93. The FCRA defines "adverse action" in pertinent part as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a (k).

94. Prior to taking "any adverse action based in whole or in part on the [consumer] report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report." 15 U.S.C. § 1681b (b) (3).

95. After receiving Sutton's misleading and inaccurate consumer report, Stanan refused to hire Flores.

96. Flores suffered direct and proximate emotional and financial harm as a result of Defendant's conduct. This harm included but was not limited to extreme mental anguish and emotional distress, humiliation, and damage to Flores' reputation as a person without a criminal record, and monetary loss including, but not limited to, a sum equal to the difference between the wages, benefits and perquisites Flores would have earned with

Stanan ("total Stanan compensation") and the wages, benefits and perquisites he would have earned had Stanan refused employment.

## VII.    CLASS ALLEGATIONS

97. Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiff brings this action for themselves and on behalf of a class of similarly situated individuals initially defined as follows:

(A) All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report furnished to a third party by Sutton Associates, LLC or otherwise from the Sutton databases, for employment purposes containing any negative (derogatory) public record criminal arrest, charge or conviction, civil judgments, bankruptcies or tax liens, during the twenty years next preceding the filing of this Complaint and the pendency of this suit.

(B) Excluded from the Class are employees, agents, servants and all persons acting in concert with Defendant, all counsel in this case and any judge assigned to hear this action.

98. **Numerosity. FED. R. CIV. P. 23(a)(1)**. Upon information and belief, Defendant produces and furnishes thousands of consumer reports for employment purposes each year. As a result, the Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by

Defendant. The Class members may be notified of the pendency of this action by published, emailed and/or mailed notice.

99. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2)**. Common questions of law and fact exist as to all members of the Class. These common legal and factual questions include, among other things:

(A) Whether Defendant followed reasonable procedures to assure maximum possible accuracy of the information in the consumer report;

(B) Whether Defendant failed to delete inaccurate information in the Plaintiff's consumer file, after receiving actual notice of such inaccuracies;

(C) Whether Defendant failed to conduct a lawful reinvestigation after receiving actual notice of such inaccuracies;

(D) Whether Defendant failed to forward all relevant information to prospective employers after receiving actual notice of such inaccuracies;

(E) Whether Defendant failed to maintain reasonable procedures with which to filter and verify disputed information in the consumer files after receiving actual notice of such inaccuracies;

(F) Whether Defendant relied upon verification from a source it has reason to know is unreliable after receiving actual notice of such inaccuracies;

(G) Whether Defendant failed to disclose to consumers all information in their consumer file;

(H) Whether Defendant failed to provide the summary of consumer rights under the FCRA as prepared by the Federal Trade Commission;

(I) Whether Defendant failed to provide consumers with notice that it was reporting public record information that was likely to have an adverse effect upon consumers' ability to obtain employment, and the address of the person to receive the report or, in the alternative, to use strict procedures to ensure that the public record information it reported was complete and up to date;

(J) Whether Defendant maintained non-criminal conviction information of consumers, and put forth said information in consumer reports it furnishes to prospective employers.

(K) Whether Defendant's conduct constituted violations of various sections of the FCRA.

100.     **Typicality. FED. R. CIV. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

101.     **Adequacy. FED. R. CIV. P. 23(a)(4)**. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

102.     **Superiority. FED. R. CIV. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible

for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

103.     **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2)**. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## VIII.   CLAIMS FOR RELIEF AGAINST SUTTON
### COUNT I

104.     The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

105.     By reporting Flores' non-criminal conviction information in the consumer report it furnished to Stanan, Sutton failed to establish or follow reasonable procedures to assure maximum possible accuracy of the information in the consumer report, in violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681e(b).

106.     As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

107.     Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

108.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

109.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

110.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT II

111.     The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

112.     By reporting Flores' non-criminal conviction information in the consumer report it furnished to Stanan, Sutton negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of the information in the consumer report, in violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681e(b).

113.     As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

114.     Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

115.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

116.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

117.    This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT III

118.    The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

119.    Sutton willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's prospective employers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file; and by relying upon verification from a source it has reason to know is unreliable.

120.    As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

121.    Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

122.    Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

123.    Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

124.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT IV

125.     The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

126.     Sutton violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's prospective employers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's consumer file; and by relying upon verification from a source it has reason to know is unreliable.

127.     As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

128.     Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

129.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

130.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

131.    This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT V

132.    The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

133.    Sutton violated 15 U.S.C § 1681 g(a)(1) on multiple occasions by failing to disclose to consumer all information in their consumer file.

134.    As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

135.    Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

136.    Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

137.    Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

138.    This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT VI

139.    The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

140.     Sutton violated 15 U.S.C § 1681g(c)(2) on multiple occasions by failing to provide to Plaintiff the summary of his rights under the FCRA as prepared by the Federal Trade Commission; failing to provide to consumers a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours; failing to provide to consumers a list of all federal agencies responsible for enforcing any provision of the FCRA, as well as the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency; failing to provide to Plaintiff a statement that he may have additional rights under state law, and that he may wish to contact a state or local consumer protection agency or a state attorney general (or the equivalent thereof) to learn of those rights; failing to provide to Plaintiff a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under 15 U.S.C. § 1681c or cannot be verified.

141.     As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

142.     Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

143.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

144.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

145.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT VII

146.     The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

147.     Sutton violated the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681k(a)(1) and 1681k(a)(2), by failing to provide Flores with notice that it was reporting public record information that was likely to have an adverse effect upon his ability to obtain employment, and the address of the person to receive the report or, in the alternative, to use strict procedures to ensure that the public record information it reported was complete and up to date.

148.     As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

149.     Sutton's conduct and actions were willful, rendering Sutton liable for actual and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

150.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to 15 U.S.C. § 1681o.

151.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either 15 U.S.C. §§ 1681n or 1681o.

152.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT VIII

153.     The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

154.     Sutton violated the New York State Fair Credit Reporting Act, N.Y. General Business Law § 380-j (a) (1), by maintaining Flores' non-criminal conviction information, and by setting this information forth in the consumer report it furnished to Stanan.

155.     As a result of Sutton's conduct and actions, Flores was denied employment by Stanan, and suffered damages as set forth at paragraph 96 supra.

156.     Sutton's conduct and actions were willful, rendering Sutton liable for actual damages, and punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. Law § 380-l.

157.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to N.Y. Gen. Bus. Law § 380-m.

158.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. Law § 380-l or § 380-m.

159.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the New York State Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT IX

160.     The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

161.   Sutton violated the New York State Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380-j (a) (3), by maintaining and reporting information regarding Flores that it had reason to know was inaccurate.

162.   As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

163.   Sutton's conduct and actions were willful, rendering Sutton liable for actual damages, and punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. Law § 380-l.

164.   Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to New York Gen. Bus. Law § 380-m.

165.   Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. Law §§ 380-l or 380-m.

166.   This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the New York State Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.

## COUNT X

167.   The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

168.   Sutton violated the New York State Fair Credit Reporting Act, New York Gen Bus. Law § 380-k by failing to maintain reasonable procedures designed to avoid violations of N.Y. Gen. Bus. Law § 380-j.

169.   As a result of Sutton's conduct and inactions, Flores suffered damages as set forth at paragraph 96 supra.

170.     Sutton's conduct and actions were willful, rendering Sutton liable for actual damages, and punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. Law § 380-l.

171.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to N.Y. Gen. Bus. Law § 380-m.

172.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. Law §§ 380-l or 380-m.

173.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the New York State Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.


**COUNT XI**

174.     The Plaintiff realleges and incorporates the foregoing above as if fully set out herein.

175.     Sutton violated the New York State Fair Credit Reporting Act, N.Y. General Business Law §§ 380-g (a) and (b), by failing to notify Flores of the fact that public record information was being reported to Stanan and to provide him with the name and address of the person to whom the public record information was to be reported, or, in the alternative, to maintain reasonable procedures designed to insure that the public record information to be reported was complete and up to date to the extent possible.

176.     As a result of Defendant Sutton's conduct, actions and inactions, Flores suffered damages as set forth at paragraph 96 supra.

177.     Sutton's conduct and actions were willful, rendering Sutton liable for actual damages, and punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. Law § 380-l.

178.     Alternatively, Sutton's conduct and actions were negligent, rendering Sutton liable for actual damages pursuant to N.Y. Gen. Bus. Law § 380-m.

179.     Flores is entitled to recover costs and attorneys' fees from Sutton in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. Law § 380-l or § 380-m.

180.     This Court has the equitable power to enjoin Sutton from engaging in conduct that violates the New York State Fair Credit Reporting Act, and Flores requests that this Court exercise this equitable jurisdiction.


## COUNT XII

181.     The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

182.     Sutton violated the New York State Consumer Protection Act, N.Y. Gen. Bus. Law § 349(a), through the false, deceptive and/or illegal business practices it used in collecting and reporting non-criminal record information in the context of the consumer report it furnished to Stanan.

183.     As a result of Sutton's conduct and actions, Flores suffered damages as set forth at paragraph 96 supra, and is entitled to actual damages and injunctive relief, and costs and attorneys' fees, pursuant to N.Y. Gen. Bus. Law § 349(h).

184.     Sutton's conduct and actions were willful or knowing, rendering Sutton liable for treble damages, up to $1,000 per violation, pursuant to N.Y. Gen. Bus. Law §349(h).


## COUNT XIII

185.     The Plaintiff realleges and incorporates the foregoing as if fully set out herein.

186.     Sutton violated the New York Human Rights Law (the "HRL"), N.Y. Exec. Law § 290 by causing Flores to denied employment by maintaining inaccurate criminal conviction information about Flores and by setting this information forth in the consumer report it furnished to Stanan.

187.     As a result of Sutton's conduct and actions, Flores suffered damages as set forth at paragraph 96 supra, and is entitled to actual damages and injunctive relief, and costs and attorneys' fees, pursuant to N.Y. Exec. Law § 290.

## **PRAYER FOR RELIEF**

Plaintiff, Luis Flores prays that this Court:

a.   Grant an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b.   Create a common fund available to provide notice of and remedy Defendant's FCRA violations;

c.   Declare that Defendant violated the Fair Credit Reporting Act;

d.   Declare that the Defendant violated the New York Fair Credit Reporting Act;

e.   Declare that the Defendant violated the New York Consumer Protection Act;

f.   Declare that the Defendant violated the New York Human Rights Law;

g.   Enter judgment against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

h.  Enter judgment against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the NYFCRA;

i.  Enter judgment against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the NYCPA;

j.  Enter judgment against Defendant for pre-judgment and post-judgment interest as provided by law; and

k.  Grant such further relief as deemed just.

## <u>JURY DEMAND</u>

Plaintiff, Luis Flores, demands trial by jury.

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Dated: March 14, 2018

140 Broadway, 46th Floor
New York, New York
Telephone:  (212) 766-3323
Facsimile:   (212) 766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**